Filed 2/13/25  P. v. Edelman CA3

NOT <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRIAN LEWIS EDELMAN,<br><br>    Defendant and Appellant. | C100554<br><br>(Super. Ct. No. 95F09430) |

In 1996, defendant Brian Lewis Edelman was found guilty of numerous felonies, including forcible rape.  Defendant separately admitted to serving two prior prison terms. The trial court sentenced defendant to an aggregate term of 33 years to life in prison:  an indeterminate term of 25 years to life for forcible rape, plus a determinate term of eight years eight months on the remaining convictions, to be served consecutively to the indeterminate term.

1

Following a resentencing proceeding pursuant to Penal Code section 1172.75,[1] the trial court struck the prior prison term enhancement but otherwise left the prior sentence intact.

On appeal, defendant contends that the trial court was unaware of its discretion to run the determinate term concurrently to his indeterminate term. We agree. He also contends the trial court erred in calculating defendant's custody credits, failed to determine defendant's conduct credits, and failed to address the appropriate restitution and parole revocation fines. The People concede these errors.

We will vacate the judgment and remand the matter for resentencing.

## BACKGROUND

In October 1996, a jury found defendant guilty of numerous felonies including forcible rape (§ 261, subd. (a)(2)) and defendant admitted to serving two prior prison terms. For his conviction on the charge of forcible rape, the trial court sentenced defendant to an indeterminate term of 25 years to life. For his remaining convictions, the trial court sentenced defendant to an aggregate determinate term of eight years eight months, including one year for a prior prison term under former section 667.5, subdivision (b).

In July 2023, the trial court issued a minute order indicating the Department of Corrections and Rehabilitation identified defendant as an individual eligible for resentencing under section 1172.75 because his sentence included a now-invalid enhancement under former section 667.5, subdivision (b). The court appointed counsel and ordered briefing.

---

[1] Further undesignated section references are to the Penal Code.

In his resentencing brief, defendant asked the trial court to strike the prison prior enhancement and to run his determinate term concurrent to his indeterminate term. The People opposed defendant's request for concurrent terms.

At resentencing, defendant asked the trial court to resentence him "without the one year prison prior and to run all of his time concurrent, so it is just a 25-to-life sentence." After hearing from defendant, the court stated, "[a]ll right. So[,] the Court has very little discretion. The original sentence on Count Eight was a principle [*sic*] term, . . . , [defendant] would receive the 25 years to life sentence. There is nothing [I] can do about that. He'll either serve that, and he'll either be paroled or not."

The trial court then outlined the determinate term and stated, "[T]he Court believes the only discretion really that it has is to lower the mid term to low term." The court considered defendant's prior psychiatric evaluation, in which the evaluating physician concluded defendant was "a dangerous individual." In light of that evaluation, the court resolved that the parole board was in the best position to determine when and whether defendant should be released. The court thus ruled it would not reduce the middle terms imposed to lower terms. Accordingly, the trial court struck the one-year prior prison term and imposed an indeterminate term of 25 years to life and a consecutive, determinate term of seven years eight months.

Defendant timely appealed.

DISCUSSION

Defendant contends the trial court misunderstood the scope of its discretion and asks that we remand for the trial court to reconsider whether to run the determinate sentence concurrently to the indeterminate one. In response, the People argue defendant forfeited his claim by failing to object at resentencing. Whether or not the claim was forfeited, we will address the issue because we perceive no tactical justification for failing to object to a trial court's misunderstanding of sentencing discretion when the mistake is adverse to defendant. (*People v. Lewis* (1990) 50 Cal.3d 262, 282 [considering

3

claim of prosecutorial misconduct not objected to in trial court to forestall claim of ineffective assistance of counsel]; see also *People v. Jones* (2007) 157 Cal.App.4th 1373, 1383 [defendant entitled to a sentencing decision based on a trial court's properly " 'informed discretion' "]; *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 530, fn. 13 [remand is appropriate when the record shows the trial court misunderstood the scope of its discretion].) On the merits, we conclude defendant is entitled to resentencing.

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.] In such circumstances, we have held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) "Relief from a trial court's misunderstanding of its sentencing discretion is available on direct appeal when such misapprehension is affirmatively demonstrated by the record." (*People v. Leon* (2016) 243 Cal.App.4th 1003, 1026.)

Here, the record affirmatively demonstrates the trial court's misapprehension. Both in his briefing and at resentencing, defendant specifically asked the court to reduce the middle-term sentences to a lower term, and to run the determinate sentence concurrent to the indeterminate one. The court, however, believed "the only discretion really that it [had] is to lower the mid term to low term." This was in error; section 669 gives trial courts the "discretion to determine whether to impose sentences consecutively or concurrently." (*People v. Leon, supra,* 243 Cal.App.4th at p. 1025.) We will remand the matter to allow the trial court to exercise that discretion.

Defendant raises three additional issues relative to his resentencing.  He contends that the trial court erred in calculating his custody credits and his presentence conduct credits.  He also contends the trial court erred by not addressing the restitution or parole revocation fines at resentencing.  The People concede these errors.  The trial court will have an opportunity to address these issues on remand.

DISPOSITION

The judgment is reversed as to defendant's sentence and the matter is remanded for resentencing.

_____\s_____,
Krause, J.

We concur:

_____\s_____,
Hull, Acting P. J.

_____\s_____,
Renner, J.

5